David STEINBERG, on behalf of himself
and all others similarly
situated, Plaintiff,

v.

SHEARSON HAYDEN STONE, INC.,
and Shearson Loeb Rhodes, Inc.,
Defendants.

Civ. A. No. 81–390.

United States District Court,
D. Delaware.

Aug. 24, 1982.

Thomas G. Hughes, of O'Donnell & Hughes, Wilmington, Del., for plaintiff; Richard D. Greenfield and Robert P. Frutkin, of Greenfield & Chimicles, Bala Cynwyd, Pa., of counsel.

Charles F. Richards, Jr., Stephen E. Herrmann, of Richards, Layton & Finger, Wilmington, Del., for defendants.

## OPINION

CALEB M. WRIGHT, Senior District Judge.

This action is before the Court on the defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ.P. 12(b)(6). Since the defendants filed an affidavit in support of their motion, it will be treated as a Motion for Summary Judgment under Fed. R. Civ. P. 56. For the reasons hereinafter set forth, the defendants' motion is denied.

The Complaint alleges that the defendants violated § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5. The defendant Shearson Loeb Rhodes Inc. is the successor in interest to the defendant Shearson Hayden Stone Inc. and is a registered broker-dealer of securities organized and existing under the laws of the State of Delaware. The plaintiff has since 1976 maintained various accounts with the defendants. The gravamen of Steinberg's Complaint is that the defendants fraudulently misstated or failed to disclose material facts relating to credit terms in their customer margin accounts, and that he sustained damages thereby.

On the present motion, the defendants argue that summary judgment is warranted due to the fact that the plaintiff has alleged no violation of SEC Rule 10b–16, 17 C.F.R. § 240.10b–16, captioned "Disclosure of credit terms in margin transactions." It is urged that Rule 10b–16 provides the exclusive remedy for injuries of the type claimed by the plaintiff. Moreover, the defendants contend, even if the plaintiff had brought his action under Rule 10b–16 rather than 10b–5, the documents submitted by the defendants in connection with the present motion demonstrate their compliance with the rule.

The plaintiff argues that he has stated a viable cause of action under Rule 10b–5 and that, while the issue is not properly before the Court at this time, the defendants have also violated Rule 10b–16. Steinberg argues that he is entitled to discovery as to the nature and implementation of the defendants' policy of disclosure of credit terms before the Court considers a motion for summary judgment.

The Court must first address the defendant's contention that the plaintiff's exclusive cause of action lies in the express remedy for defective disclosure of credit terms provided by Rule 10b–16.[1] In light of the existence of an express remedy under 10b–16, the defendants argue, the plaintiff has not stated a cause under Rule 10b–5.[2]

Significantly, it is unsettled in this Circuit whether a private cause of action exists under Rule 10b–16. There has been a divergence of opinions among other jurisdictions on this point.[3] Since the plaintiff has not alleged a violation of Rule 10b–16, however, it is unnecessary for the Court to reach the issue on the present motion.

■ Regardless of whether there is a private cause of action under Rule 10b–16, the Court finds that nothing in that provision of the securities law operates to preclude a claim under Rule 10b–5. Rule 10b–16 is "mechanical" in that it sets forth objective and specific disclosure requirements for credit terms in margin transactions. It has not been established in this Circuit whether scienter is a necessary element of a violation of Rule 10b–16.[4] Rule 10b–5, by contrast, is the "catchall" antifraud provision of the securities laws and, under it, an intent to deceive, manipulate or defraud is

1. Rule 10b–16(a)(1) proscribes the extension of credit by a broker or dealer to a customer in connection with any securities transaction unless the customer has been provided, at the time of opening the account, a written statement or statements disclosing:

(i) the conditions under which an interest charge will be imposed; (ii) the annual rate or rates of interest that can be imposed; (iii) the method of computing interest; (iv) if rates of interest are subject to change without prior notice, the specific conditions under which they can be changed; (v) the method of determining the debit balance or balances on which interest is to be charged and whether credit is to be given for credit balances in cash accounts; (vi) what other charges resulting from the extension of credit, if any, will be made and under what conditions; and (vii) the nature of any interest or lien retained by the broker or dealer in the security or other property held as collateral and the conditions under which additional collateral can be required. . . .

The rule also sets forth disclosures that must be made at least quarterly for accounts in which credit has been extended, and provides that a customer must receive at least thirty days notice before any changes in the terms and conditions under which credit charges will be made, as disclosed in the written statement described above, can be effected.

2. Rule 10b–5 provides, in full:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

3. Compare *Liang v. Dean Witter & Co., Inc.,* 540 F.2d 1107, 1113 n. 25 (D.C. Cir. 1976) and *Haynes v. Anderson & Strudwick, Inc.,* 508 F.Supp. 1303, 1318–21 (E.D. Va. 1981) (private cause of action held to exist under Rule 10b–16) with *Furer v. Paine, Webber, Jackson & Curtis, Inc.,* [current] Fed. Sec. L. Rep. (CCH) ¶ 98,701 (C.D. Cal. April 20, 1982) and *Establissement Tomis v. Shearson Hayden Stone, Inc.,* 459 F.Supp. 1355, 1361 (S.D.N.Y. 1978) (no private cause under Rule 10b–16).

4. The issue was expressly left open by the Court of Appeals for the D.C. Circuit. *Liang v. Dean Witter & Co.,* 540 F.2d at 1113 n. 25. *But see Haynes v. Anderson & Strudwick, Inc.,* 508 F.Supp. at 1321, for Judge Warriner's persuasive analysis of Rule 10b–16 in light of its legislative history and role as the Truth In Lending Act's "counterpart in the field of federal securities law." The Court concluded that to require proof of scienter under Rule 10b–16 would be inconsistent with its legislative history and the plain language of the rule.

a prerequisite to a finding of liability. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 197–215, 96 S.Ct. 1375, 1382–1391, 47 L.Ed.2d 668 (1976). Rule 10b–5 is much broader in scope than Rule 10b–16, the former encompassing all fraudulent conduct in connection with the purchase or sale of any security.

That a particular state of facts may give rise to a cause of action under both 10b–5 and 10b–16 does not prevent a plaintiff from stating a claim solely under one or the other. The securities laws are a comprehensive scheme and the fact that there may be some overlap between certain provisions thereof "is neither unusual nor unfortunate." *Securities and Exchange Commission v. National Securities, Inc.,* 393 U.S. 453, 468–69, 89 S.Ct. 564, 572–73, 21 L.Ed.2d 668 (1969). *See Wachovia Bank & Trust Co. v. National Student Marketing Corp.,* 650 F.2d 342, 354–59 (D.C. Cir. 1980), *cert. denied,* 452 U.S. 954, 101 S.Ct. 3098, 69 L.Ed.2d 965 (1981); *Ross v. A. H. Robins Co.,* 607 F.2d 545, 552–56 (2d Cir. 1979), *cert. denied,* 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980); 5 A. Jacobs, *Litigation and Practice Under Rule 10b–5,* § 11.02 (2d ed. 1981). The plaintiff has stated a valid claim under Rule 10b–5.

The defendants argue that they are entitled to summary judgment even if the plaintiff is permitted to proceed under Rule 10b–5, on the grounds that Rule 10b–16 sets forth the applicable standard of disclosure and that that standard has been met in this case. In support of their contention, the defendants filed the affidavit of Leonard Haynes, an executive vice-president of Shearson/American Express, Inc., the successor in interest to the defendant corporation. Attached to the Haynes affidavit were a "statement of credit terms" and monthly account statements apparently drafted and disseminated in an effort to comply with Rule 10b–16. The defendants urge that an examination of the written statements submitted in connection with the Haynes affidavit demonstrates their compliance with the terms of Rule 10b–16 and the appropriateness of judgment as a matter of law.

■ The defendants' argument fails to take account of the fact that, while the terms of Rule 10b–16 will play a major part in the disposition of the plaintiff's case, they are not dispositive of his Rule 10b–5 claim. The plaintiff seeks to determine whether the documents submitted by the defendants accurately reflect their disclosure policy and to establish that that policy has been implemented by the defendants' employees in such a manner as to operate a fraud within the purview of Rule 10b–5.[5] Under this theory of the case, a disclosure statement which complies on its face with Rule 10b–16 might not insulate the defendants from liability under Rule 10b–5.

Steinberg maintains that his allegations as to the nature and implementation of the defendants' disclosure policy raise genuine issues of material fact not resolved on the present record. Because summary judgment is a "drastic remedy, any doubts as to the existence of a genuine issue are resolved in favor of the non-moving party on a Rule 56 motion. *See Hollinger v. Wagner Mining Equipment Co.,* 667 F.2d 402, 405 (3d Cir. 1981) and cases cited therein.

The Court cannot find on the record before it that there are no genuine issues of material fact. The plaintiff has had no discovery.[6] Steinberg's counsel claims, in an affidavit filed pursuant to Fed. R. Civ. P. 56(f),[7] to have no access to the defend-

---

5. Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss, at 12–15.

6. The defendants have not responded to interrogatories and requests for production of documents filed by the plaintiff, having filed a Motion for Stay and for Protective Order subsequently to the filing of the present motion. It is unnecessary for the Court to rule on the former motion in light of the present disposition of the latter. The parties remain free, of course, to apply to the Court for the resolution of any disputes regarding the permissible scope of discovery.

7. The rule provides:
   Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court

ants' "internal policy guidelines with respect to disclosure of credit terms, nor knowledge of the manner in which any disclosure policy was implemented nor the manner in which defendants regulated their own employees vis-a-vis the implementation of any disclosure policy." Affidavit of Robert P. Frutkin at 3. Facts relating to these areas of inquiry are stated by plaintiff's counsel to be "peculiarly within the possession and knowledge of defendants." *Id.* at 2. Because the plaintiff has had no access to such potentially relevant facts, summary judgment is inappropriate at this juncture of the case. Fed. R. Civ. P. 56(f). *See Ward v. United States,* 471 F.2d 667, 670–71 (3d Cir. 1973); *Penn Galvanizing Co. v. Lukens Steel Co.,* 59 F.R.D. 74, 80–83 (E.D. Pa. 1973); 6 Moore's Federal Practice ¶ 56.15[5] (2d ed. 1982).

The defendants' Motion for Summary Judgment is denied. An Order will be entered in accordance with this Opinion.

may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
Fed. R. Civ. P. 56(f).